KEVIN G. McCURDY (SBN 115083)
CHRISTINA M. LAVANIER (SBN 233335)
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, California 94025
Telephone:  (650) 618-3500
Facsimile:  (650) 618-3599
E-mail:   kevin.mccurdy@mccurdylawyers.com
          christina.lavanier@mccurdylawyers.com

Attorneys for Defendants
AIU INSURANCE COMPANY and AIG DOMESTIC CLAIMS, INC.,
successor in interest to AIG Technical Services, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA N.A.,<br><br>             Plaintiff,<br><br>v.<br><br>AIU INSURANCE COMPANY, AIG TECHNICAL SERVICES, INC., and DOES 1 through 50,<br><br>             Defendants. | CASE NO.:<br><br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) [DIVERSITY JURISDICTION]**<br><br><br>**DEMAND FOR JURY TRIAL** |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE that defendants AIU Insurance Company ("AIU") and AIG Domestic Claims, Inc. ("AIGDC"), successor in interest to AIG Technical Services, Inc., pursuant to 28 U.S.C. § 1446, hereby remove to this Court the state action described below:

1.     AIU and AIGDC, as the successor in interest to AIG Technical Services, Inc., are the defendants in the civil action filed on or about July 26, 2007, in the Superior Court of the State of California, City and County of San Francisco, Case No. CGC-07-465507, entitled *Bank of America N.A. v. AIU Insurance Company et al.*  Service of the summons and complaint on AIU took place on or about August 8, 2007.  There has been no service of the summons or complaint upon AIGDC.  This notice is timely.

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1    2.    The complaint, summons, notice of case management conference and answers to

2    complaint constitute all of the papers, pleadings and orders filed in the State court.  Copies of the

3    complaint, summons, notice of case management conference and answers to complaint are

4    attached hereto as Exhibit 1 and incorporated herein as part of this notice.

5    3.    Jurisdiction:  This action is a civil action of which this Court has original

6    jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court by AIU and

7    AIGDC pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action, wherein the

8    matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between

9    citizens of different states.

10    4.    Intradistrict Assignment:  Pursuant to Civil L.R. 3-2(c) and (d), this matter is being

11    removed to the San Francisco Division of the Northern District of California because the present

12    case of *Bank of America N.A. v. AIU Insurance Company et al.,* ("Gonzalez Action"), Case No.

13    CGC-07-465507, is pending before the Superior Court of the State of California, City and County

14    of San Francisco, within the Northern District of California, San Francisco Division.

15    5.    Based upon the allegations contained in the complaint against AIU and AIGDC

16    attached hereto as Exhibit 1, AIU and AIGDC are informed and believe that plaintiff Bank of

17    America N.A. ("Bank of America") is a national association located in the State of North Carolina.

18    6.    At the time of the filing of this action, AIU was, and is, a corporation organized and

19    existing under the laws of the State of New York that maintains its principal place of business in

20    the State of New York.

21    7.    At the time of the filing of this action, AIGDC was, and is, a corporation organized

22    and existing under the laws of the State of Delaware that maintains its principal place of business

23    in the State of New York.  Further, AIGDC is the successor in interest to named defendant AIG

24    Technical Services, Inc., a corporation which previously was incorporated under the laws of the

25    State of Delaware and maintained its principal place of business in the State of New York.

26    8.    Based upon the allegations contained in the complaint, the amount in controversy

27    exceeds the sum of $75,000, exclusive of interest and costs.  Specifically, Bank of America alleges

28    in its complaint that it incurred damages in the amount of $287,500 for settlement of the

24518                                          - 2 -

**DEFENDANTS' NOTICE OF REMOVAL**

1  underlying Gonzalez Action.  Bank of America further alleges in its complaint that it is entitled to

2  recover the full amount of settlement monies it paid and attorney fees and costs it incurred in the

3  underlying Gonzalez Action.

4       9.    A notice of removal shall be filed contemporaneously in the San Francisco County

5  Superior Court to which this matter was assigned.  A copy of the notice of removal to the Clerk of

6  the San Francisco Superior Court and proof of service evidencing service upon plaintiff's counsel

7  of record is attached hereto as Exhibit 2.

8       10.   <u>Certification of Interested Entities or Persons:</u>  Pursuant to Civil L.R. 3-16, the

9  undersigned certifies that the following listed persons, associations of persons, firms, partnerships,

10  corporations (including parent corporations) or other entities (i) have or may have a financial

11  interest in the subject matter in controversy or in a party to the proceeding, or (ii) have or may

12  have a non-financial interest in that subject matter or in a party that could be substantially affected

13  by the outcome of this proceeding:  The named parties in this action.

14       WHEREFORE, AIU and AIGDC pray that the case of *Bank of America N.A. v. AIU*

15  *Insurance Company et al.*, Case No. CGC-07-465507, filed in the Superior Court of the State of

16  California, City and County of San Francisco, be removed to the United States District Court for

17  the Northern District of California, San Francisco Division.

18       Signed pursuant to Federal Rule of Civil Procedure, Rule 11.

19

20  Dated: September 6 , 2007          McCURDY & FULLER LLP

21

22            By  *Kev G. McCurdy*

23                KEVIN G. McCURDY

24                Attorneys for Defendants
              AIU INSURANCE COMPANY and

25                AIG DOMESTIC CLAIMS, INC., successor in
              interest to AIG Technical Services, Inc.

26

27

28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

24518

DEFENDANTS' NOTICE OF REMOVAL

# EXHIBIT 1



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

DDZ / ALL
Transmittal Number: 5280220
Date Processed: 08/08/2007

| Primary Contact: | Kenneth V. Harkins Esq. |
| --- | --- |
| | American International Group, Inc. |
| | 175 Water Street |
| | Floor 18TH |
| | New York, NY 10038 |

| Entity: | AIU Insurance Company |
| --- | --- |
| | Entity ID Number  0212475 |
| Entity Served: | AIU Insurance Company |
| Title of Action: | Bank of America N.A. vs. AIU Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | San Francisco Superior Court, California |
| Case Number: | CGC-07-465507 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 08/08/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Franklin Dean Thomas |
| | 415-981-2623 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
AIU INSURANCE COMPANY, AIG TECHNICAL SERVICES,
INC., DOES 1 through 50, inclusive.

> FOR COURT USE ONLY
> *(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*
BANK OF AMERICA N.A.

| | |
|---|---|
| You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court. | Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte. |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso. |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosasde su propiedad sin aviso adicional por parte de la corte. |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico). |

The name and address of the court is: *(El nombre y dirección de la corte es)*
SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister, Room 102
San Francisco, CA 94102

CASE NUMBER: *(Número del Caso)*

**CGC-07-465507**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

Franklin Dean Thomas, Esq., No. 67796
HINES & THOMAS, 235 Montgomery Street, San Francisco, CA 94104, (415) 981-2623

DATE: **JUL 2 6 2007**    **Gordon Park-L**    Clerk, by _____ **Jun Panelo** _____ , Deputy
*(Fecha)*                                  *(Actuario)*                                        *(Delegado)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*:    A I U  INSURANCE Company

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)
          ☐ other:

4. ☐ by personal delivery on *(date)*:

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) (Rev. January 1, 1984)

*(See reverse for Proof of Service)*
**SUMMONS**

CCP 412.20

ENDORSED
F I L E D
San Francisco County Superior Court

JUL 2 6 2007

GORDON PARK-LI, Clerk
BY: _____ JUN P. PANELO
Deputy Clerk

1   FRANKLIN DEAN THOMAS, Esq., Bar No. 67796
    R. MANUEL FORTES, Esq., Bar No. 139249
2   **HINES & THOMAS**
    ATTORNEYS AT LAW
3   RUSS BUILDING, SUITE 835
    235 MONTGOMERY STREET
4   SAN FRANCISCO, CA 94104
    TELEPHONE 415/981-2623
5
    Attorneys For Plaintiff
6   BANK OF AMERICA N.A.

**CASE MANAGEMENT CONFERENCE SET**

**DEC 2 8 2007 -9ᵃᵐ AM**

**DEPARTMENT 212**

7

8

9              THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              IN AND FOR THE COUNTY OF SAN FRANCISCO

11

12   BANK OF AMERICA N.A.,              )    CASE NO. **CGC-07-465507**
                                        )
13             Plaintiff,               )    COMPLAINT FOR DAMAGES FOR
                                        )    BREACH OF INSURNACE
14   vs.                                )    CONTRACT; FOR DAMAGES FOR
                                        )    BREACH OF THE INSURER'S
15   AIU INSURANCE COMPANY, AIG         )    COVENANT OF GOOD FAITH AND
     TECHNICAL SERVICES, INC., DOES 1   )    FAIR DEALING; FOR
16   through 50,                        )    MISREPRESENTATION AND FOR
                                        )    PUNITIVE DAMAGES
17             Defendants.              )
                                        )
18   _____)

19          Plaintiff BANK OF AMERRICA N.A., by its attorneys, complaining of

20   defendants, alleges:

21                        IDENTITY OF THE PARTIES

22      1.  Plaintiff Bank of America N.A. (hereinafter referred to as "Bank") is a

23   National Association licensed to do business and doing business in California with

24   offices located in San Francisco, California.

25

26   /////

                                    -1-

2.  Defendant AIU Insurance Company (hereinafter referred to as "AIU") is a corporation which at all times herein relevant was, and is now, authorized and licensed to do business as an insurance company in the State of California. Defendant AIG Technical Services, Inc. (hereinafter referred to as "AIG") is a corporation which at all times herein relevant was, and now is, authorized and licensed to do business as an insurance claims adjusting company in the State of California.

3.  The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 50, inclusive, are currently unknown to Bank which therefore sues those defendants by such fictitious names. Bank will amend this Complaint to show the true names and capacities of Does 1 through 50, inclusive, when the same have been ascertained. Bank is informed and believes, and, on that basis, alleges, that each of Does 1 through 50, inclusive, is and was legally responsible to the Bank in some manner for the events, omissions and happenings referred to herein.

## BACKGROUND FACTS

4.  On November 4, 1998, a lawsuit entitled Emelia Gonzalez, et al. v. Bank of America and American Protective Services was filed in the Superior Court of California, County of San Diego, as Action No. 725537. Therein, plaintiff Emelia Gonzalez, on behalf of herself and the three minor children of her brother Gilberto Sandoval, alleged the wrongful death of Mr. Sandoval, who was robbed, shot and killed on a public sidewalk outside a Bank of America branch located at 3101 University Avenue, San Diego, California on November 5, 1997.

5.  At the time of said incident and pursuant to a written contract with Bank, American Protective Services (hereinafter referred to as "APS"), supplied a security

HINES & THOMAS
ATTORNEYS AT LAW
RUSS BUILDING, SUITE 835
235 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
TELEPHONE: 415/981-2621

COMPLAINT FOR DECLARATORY RELIEF: BREACH
OF CONTRACT, SUMMONS THEREON

1    guard to the aforementioned branch, whose duties included patrolling the sidewalk

2    where said incident took place.

3        6. At the time of Mr. Sandoval's death, and pursuant to the aforementioned

4    written contract between Bank and APS, Bank was named as an additional insured

5    under commercial general liability insurance policy number EOL852055701 issued to

6    APS by Steadfast Insurance Company (hereinafter referred to as "Steadfast"). Said

7    policy provided coverage to Bank for liability arising out of security guard services

8    provided by APS to Bank. The per occurrence coverage limits of that policy were

9    $500,000.00.

10       7. At all times relevant herein, and pursuant to the aforementioned contract

11   between Bank and APS, Bank was also named as an additional insured under a

12   commercial umbrella policy BE9325347 issued by AIU to APS which provided

13   $3,000,000.00 in commercial general liability insurance coverage to Bank for liability

14   arising out of APS' services for Bank, upon exhaustion of the $500,000.00 coverage

15   limits provided by the aforementioned Steadfast insurance policy.

16       8. On or about November 14, 1997, AIU was sent for its handling a notice that

17   a claim had been made against Bank which arose out of the aforementioned

18   shooting death of Gilberto Sandoval. AIU acknowledged the notice of claim. On or

19   about January 17, 1998, AIU advised Bank that Mr. Sandoval was shot outside of the

20   Bank's premises and that the insured was therefore not responsible for the area

21   where the shooting took place. AIU further advised that it was therefore closing its

22   file. On or about January 28, 1999, notice was sent on behalf of Bank to AIU that the

23   Gonzalez/Sandoval lawsuit had been filed against Bank and APS. AIU was provided

24   with a copy of the Summons and Complaint in said lawsuit. AIU never responded to

25   this notice of lawsuit, and failed to conduct a reasonable investigation of the

26   Gonzalez/Sandoval claim and/or lawsuit.

HINES & THOMAS
ATTORNEYS AT LAW
RUSS BUILDING, SUITE 935
235 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
TELEPHONE: 415/981-2823

-3-

COMPLAINT FOR DECLARATORY RELIEF; BREACH
OF CONTRACT, SUMMONS THEREON

9.  On or about January 22, 1999, Bank tendered its defense in the Gonzalez/Sandoval lawsuit to Steadfast under the aforementioned Steadfast insurance policy.  On or about June 8, 1999, in the course of its handling of claim number 942-0014823-001, Steadfast accepted the Bank's tender in the Gonzalez/Sandoval lawsuit.  Steadfast also accepted the defense of APS, which was a co-defendant with Bank in the Gonzalez/Sandoval lawsuit.  On January 28, 2000, after APS had obtained summary judgment in its favor, Steadfast withdrew its defense of Bank.

10.  On February 9, 2000, Bank received a defense verdict after a jury trial in the Gonzalez/Sandoval lawsuit.  Plaintiffs in the Gonzalez/Sandoval lawsuit filed an appeal.  That appeal was granted on January 7, 2001, and the action was returned to the trial court.  The action was scheduled for retrial commencing August 15, 2003. At a judicially supervised mediation on June 11, 2003, Bank settled the claims of Gonzalez/Sandoval plaintiffs for the sum of $350,000.00, with the consent of Steadfast.  $62,000.00 of that settlement sum was directly contributed to the Gonzalez/Sandoval plaintiffs by Steadfast on behalf of Bank.  At the time of said settlement, Steadfast represented to Bank that the policy limit of $500,000.00 was available for payment of a settlement.  In so settling, both Bank and Steadfast reserved all of their rights with regard to any insurance policies involved in the Gonzalez/Sandoval claim.

11.  On August 5, 2002, Bank filed a lawsuit against Steadfast for breach of insurance contract and insurance bad faith, based on Steadfast's withdrawal of its defense of Bank in the Gonzalez/Sandoval lawsuit.  In said action, Bank sought reimbursement for all of its defense costs and any settlement or judgment expense incurred by Bank in the Gonzalez/Sandoval lawsuit.

COMPLAINT FOR DECLARATORY RELIEF; BREACH
OF CONTRACT, SUMMONS THEREON

HINES & THOMAS
ATTORNEYS AT LAW
RUSS BUILDING, SUITE 835
235 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
TELEPHONE: 415/961-5623

1    12.  Bank did not have a copy of the aforementioned insurance policy issued

2   by Steadfast to APS until Bank obtained a copy of said policy in October 2003, during

3   discovery in its aforementioned insurance bad faith lawsuit against Steadfast.  It was

4   only upon reviewing said policy that Bank learned that the Steadfast policy was an

5   eroding or wasting policy, meaning that the policy limits of $500,000.00 were

6   diminished by the amount of the defense costs paid on a particular claim.

7    13.  On October 23, 2003, Bank settled its insurance bad faith action against

8   Steadfast arising out of the <u>Gonzalez/Sandoval</u> lawsuit.  Pursuant to said settlement,

9   Steadfast agreed to pay $354,010.91, in partial satisfaction of Bank's defense

10   expenses in the <u>Gonzalez/Sandoval</u> lawsuit which totaled $461,601.22.  In said

11   settlement, Steadfast verified that its $500,000.00 policy limits were exhausted by

12   said payment, combined with its earlier payments for the defense of APS and its

13   aforementioned payment of $62,500.00 as a part of Bank's settlement with the

14   <u>Gonzalez/Sandoval</u> plaintiffs.   After the settlement of the Bank's insurance bad faith

15   action against Steadfast, Bank still had unreimbursed defense costs in the

16   <u>Gonzalez/Sandoval</u> lawsuit of $107,590.31 and an unreimbursed settlement expense

17   of $287,500.00 in said lawsuit.

18    14.  On or about October 31, 2003, Bank re-tendered its indemnification in the

19   <u>Gonzalez/Sandoval</u> lawsuit to AIU, informing AIU that the coverage limits of the

20   underlying Steadfast policy had been exhausted and requesting reimbursement of

21   the Bank's $287,500.00 settlement expense in <u>Gonzalez/Sandoval</u>.  On September

22   2, 2004, AIU and AIG denied that tender, claiming that AIU had not been notified of

23   the <u>Gonzalez/Sandoval</u> claim until after the settlement of the <u>Gonzalez/Sandoval</u>

24   lawsuit had been reached.  AIU and AIG refused Bank's demands for reimbursement

25   of the aforementioned settlement expense.

26   /////

HINES & THOMAS
ATTORNEYS AT LAW
RUSS BUILDING, SUITE 635
235 MONTGOMERY STREET
SAN FRANCISCO, CA 94104

COMPLAINT FOR DECLARATORY RELIEF; BREACH
OF CONTRACT, SUMMONS THEREON

## FIRST CAUSE OF ACTION

### (For Breach of Contract)

15. Bank realleges and incorporates herein by this reference each and all of the allegations made herein in Paragraphs 1 through 14 inclusive.

16. In denying the Bank's demand for reimbursement as aforementioned, AIU breached the terms of the aforementioned commercial umbrella insurance policy and additional insured endorsement issued by AIU.

17. Bank has performed all acts required of it to be performed pursuant to the aforementioned AIU insurance policy.

18. As a result of AIU's aforementioned breach, Bank has been damaged in the sum $395,090.31, being the sum of the Bank's unreimbursed defense costs of $107,590.31 and unreimbursed settlement expense of $287,500.00 in the Gonzalez/Sandoval lawsuit.

WHEREFORE, Bank prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (For Insurance Bad Faith And Misrepresentation)

19. Bank realleges and incorporates by this reference each and all of the allegations contained in paragraphs 1 through 18 inclusive.

20. AIU, in denying the Bank's aforementioned demand for reimbursement, and AIG, in its handling of AIG claim file169-145846, failed to conduct a reasonable investigation, misrepresented the facts regarding their notice of the Sandoval claim and lawsuit and unreasonably withheld from Bank the benefits of the aforementioned commercial umbrella insurance policy. AIU and AIG thereby breached their implied covenants with Bank to act fairly and to deal in good faith.

HINES & THOMAS
ATTORNEYS AT LAW
RUSS BUILDING, SUITE 835
235 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
TELEPHONE: 415/982-0622

-6-

COMPLAINT FOR DECLARATORY RELIEF; BREACH
OF CONTRACT, SUMMONS THEREON

21.  As a result of said breaches by AIU and by AIG, Bank remains unreimbursed for defense costs of $107,590.31 and settlement expense of $287,500.00 in the Gonzalez/Sandoval lawsuit.  In addition, Bank has incurred, and will in the future incur, attorney's fees and litigation costs necessary to prove that the Bank's aforementioned defense costs and settlement expense are covered under the aforementioned umbrella insurance policy issued by AIU.

22.  When AIU and AIG denied Bank's aforementioned demand for reimbursement, they claimed that AIU had not been given notice of the Gonzalez/Sandoval claim until after the settlement of that action had been reached.  However, at the time of said denial AIU and AIG in fact knew that AIU had been given notice of said claim and that AIU had been given notice of the Gonzalez/Sandoval lawsuit prior to Bank's settlement of that lawsuit.  AIU and AIG thereby falsely asserted that they did not have prior notice of said claim.  AIU and AIG intended that Bank rely on this false assertion.  In so asserting, and in refusing Bank's demand for reimbursement, AIU and AIG acted deceitfully and with malice towards Bank and/or with a conscious disregard of Bank's rights under the aforementioned insurance policy, in a manner sufficient to support the award of exemplary and punitive damages against AIU and AIG.

WHEREFORE, Bank prays for judgment as follows:

WITH RESPECT TO THE FIRST CAUSE OF ACTION:

1.  For compensatory damages incurred by the time of trial, together with interest thereon at the legal rate.

/////

HINES & THOMAS
ATTORNEYS AT LAW
RUSS BUILDING, SUITE 835
235 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
TELEPHONE: 415/98-2623

-7-

COMPLAINT FOR DECLARATORY RELIEF; BREACH
OF CONTRACT, SUMMONS THEREON

1   <u>WITH RESPECT TO THE SECOND CAUSE OF ACTION</u>:

2       2.  For compensatory damages incurred by the time of trial, together with

3   interest thereon at the legal rate.

4       3.  For attorneys fees and costs incurred in prosecuting this action.

5       4.  For exemplary and punitive damages according to proof.

6   <u>WITH RESPECT TO ALL CAUSES OF ACTION</u>:

7       5.  For Bank's costs of suit incurred herein; and

8       6.  For such other and further relief as the Court may deem just and proper.

9   DATED: July 25 , 2007

10

11                          HINES & THOMAS

12

13

14                          FRANKLIN DEAN THOMAS
                            Attorney For Plaintiff
15                          BANK OF AMERICA N.A.

16

17

18

19

20

21

22

23

24

25

26

HINES & THOMAS
ATTORNEYS AT LAW
RUSS BUILDING, SUITE 835
235 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
TELEPHONE: 415/981-2623

-8-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

Franklin Dean Thomas, No. 67796
HINES & THOMAS, 235 Montgomery St., Suite 835, S.F. CA 94104
TELEPHONE NO.: (415) 981-2623    FAX NO.:
ATTORNEY FOR (Name): Plaintiff Bank of America N.A.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street, Room 102
MAILING ADDRESS: San Francisco, CA 94102
CITY AND ZIP CODE:
BRANCH NAME:

**ENDORSED FILED**
San Francisco County Superior Court

JUL 2 6 2007

GORDON PARK-LI, Clerk
BY: _____
JUN P. PANELO
Deputy Clerk

CASE NAME:
**BANK OF AMERICA N.A. vs. AIU INSURANCE CO., et al.**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | CGC-07-465507 JUDGE: DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[✓] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Collections (09)
[✓] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): Two
5. This case [ ] is [✓] is not a class action suit.
Date: July _____, 2007

Franklin Dean Thomas, No. 67796
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 (Rev. July 1, 2003)

**CIVIL CASE COVER SHEET**

Page 1 of 2

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

CASE NUMBER: CGC-07-465507  BANK OF AMERICA, N.A. VS. AIU INSURANCE COMPANY

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

|  |  |  |
|---|---|---|
| **DATE:** | **DEC-28-2007** | |
| **TIME:** | **9:00AM** | |
| **PLACE:** | **Department 212** | |
| | **400 McAllister Street** | |
| | **San Francisco, CA  94102-3680** | |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

1  KEVIN G. McCURDY (SBN 115083)
   CHRISTINA M. LAVANIER (SBN 233335)
2  McCURDY & FULLER LLP
   4300 Bohannon Drive, Ste. 240
3  Menlo Park, CA 94025
   Telephone: (650) 618-3500
4  Facsimile: (650) 618-3599
   E-mail: kevin.mccurdy@mccurdylawyers.com
5         christina.lavanier@mccurdylawyers.com
   Attorneys for Defendant
6  AIG DOMESTIC CLAIMS, INC., successor in interest to AIG Technical
   Services, Inc.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SAN FRANCISCO

10 BANK OF AMERICA N.A.,                    CASE NO. CGC-07-465507

11              Plaintiff,                  **DEFENDANT AIG DOMESTIC
                                            CLAIMS, INC.'S ANSWER TO
12        v.                                COMPLAINT**

13 AIU INSURANCE COMPANY, AIG
   TECHNICAL SERVICES, INC., and DOES 1 –
14 50,

15              Defendants.

16

17       Pursuant to California Code of Civil Procedure § 431.30, defendant AIG Domestic Claims,

18 Inc. ("AIGDC"), successor in interest to AIG Technical Services, Inc., denies, generally and

19 specifically, each and every allegation contained in plaintiff's complaint and further denies that

20 plaintiff has sustained, or will sustain, damages in sums alleged, or at all, or that plaintiff is entitled

21 to any of the relief sought in the complaint against AIGDC.

22                          **AFFIRMATIVE DEFENSES**

23                       **FIRST AFFIRMATIVE DEFENSE**

24       Plaintiff's complaint, and each cause of action therein, fail to state facts sufficient to

25 constitute a cause of action against AIGDC.

26                      **SECOND AFFIRMATIVE DEFENSE**

27       Plaintiff's claims are barred under the alleged AIGDC policy and/or California Insurance

28 Code § 533, to the extent plaintiff seeks coverage for injury, damage or liability which was willful,

*McCURDY & FULLER LLP*
*4300 Bohannon Drive, Suite 240*
*Menlo Park, CA 94025*
*(650) 618-3500*

24576                                    - 1 -

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1  expected or intended.

2  **THIRD AFFIRMATIVE DEFENSE**

3      Plaintiff's claims are barred, in whole or in part, to the extent plaintiff failed to mitigate,

4  minimize or avoid whatever damages plaintiff allegedly sustained, and any recovery must,

5  therefore, be reduced by the amount by which the damage plaintiff incurred is a result of that

6  failure.

7  **FOURTH AFFIRMATIVE DEFENSE**

8      AIGDC has no duty in connection with the events alleged in the complaint because AIGDC

9  did not insure plaintiff under any insurance policy.

10  **FIFTH AFFIRMATIVE DEFENSE**

11      Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver,

12  estoppel and/or unclean hands.

13  **SIXTH AFFIRMATIVE DEFENSE**

14      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations,

15  including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339, 340 and 343.

16  **SEVENTH AFFIRMATIVE DEFENSE**

17      Plaintiff's claims are barred, in whole or in part, by the terms, definitions, exclusions,

18  conditions, limits of liability and other provisions contained in the alleged policy.

19  **EIGHTH AFFIRMATIVE DEFENSE**

20      Plaintiff's claims are barred, in whole or in part, to the extent the sole and proximate cause

21  of the incidents complained of in plaintiff's complaint was due to the acts and/or omissions of

22  persons and entities other than AIGDC.

23  **NINTH AFFIRMATIVE DEFENSE**

24      Plaintiff's claims are barred, in whole or in part, to the extent the underlying action for

25  which coverage is sought did not arise from an "occurrence" as defined in the alleged policy.

26  **TENTH AFFIRMATIVE DEFENSE**

27      Plaintiff's claims are barred, in whole or in part, to the extent the underlying action did not

28  involve claims of bodily injury during the policy period of the alleged policy.

24576

Defendant AIG Domestic Claims' Answer to Complaint

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent plaintiff seeks coverage for sums plaintiff is not obligated to pay by reason of liability imposed by law or sums that were voluntarily incurred.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that no actual, justiciable case or controversy exists between plaintiff and AIGDC, and/or to the extent that any dispute between plaintiff and AIGDC is not ripe for adjudication.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent plaintiff seeks recovery of punitive or exemplary damages as such damages violate AIGDC's rights to due process under the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent plaintiff does not qualify as an insured under the alleged policy with respect to the underlying action.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the alleged policy is excess of underlying insurance, self-insured retentions and/or deductibles and is further subject to per event, accident or occurrence limits of liability.  To the extent that the full limits or amounts of underlying insurance, self-insured retentions and/or deductibles, if any, have not been exhausted, the alleged policy may not be required to respond to the underlying claim.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that timely and/or sufficient notice of said claims was not provided in the manner prescribed by the alleged policy and/or as required by law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent plaintiff failed to assist and/or

- 3 -

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1   cooperate with AIGDC as required by the alleged policy or as implied by law.

2   **EIGHTEENTH AFFIRMATIVE DEFENSE**

3   To the extent that coverage may be found to exist under the alleged policy, AIGDC may be

4   entitled to contribution, set-off, indemnification, apportionment, or other relief from plaintiff

5   and/or from any other insurer.

6   **NINETEENTH AFFIRMATIVE DEFENSE**

7   Plaintiff's claims are barred, in whole or in part, to the extent that unreasonable and/or

8   unnecessary costs were expended to settle said claim.

9   **TWENTIETH AFFIRMATIVE DEFENSE**

10   Plaintiff's claims are barred, in whole or in part, to the extent AIGDC's insured has

11   impaired AIGDC's rights of subrogation or contribution.

12   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

13   Plaintiff's claims are be barred, in whole or in part, to the extent that the insured failed to

14   fully satisfy all policy conditions under the alleged policy, including, but not limited to, voluntary

15   payment, consent and no action provisions.

16   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

17   AIGDC reserves the right to assert additional affirmative defenses that may be appropriate

18   as may be determined by further information, including, but not limited to, that obtained through

19   discovery.

20   WHEREFORE, AIGDC prays for judgment as follows:

21   1. That plaintiff take nothing by its complaint;

22   2. For costs of suit incurred herein; and

23   3. For such other and further relief as the Court deems proper.

24   DATED: September 6, 2007                      MCCURDY & FULLER LLP

25

26                                      By:   _Kev D McCurdy_

27                                            KEVIN G. MCCURDY
                                             Attorneys for Defendant
28                                           AIG DOMESTIC CLAIMS, INC., successor
                                             in interest to AIG Technical Services, Inc.

24576                                        - 4 -

Defendant AIG Domestic Claims' Answer to Complaint

1  KEVIN G. McCURDY (SBN 115083)
   CHRISTINA M. LAVANIER (SBN 233335)
2  McCURDY & FULLER LLP
   4300 Bohannon Drive, Ste. 240
3  Menlo Park, CA 94025
   Telephone:  (650) 618-3500
4  Facsimile:   (650) 618-3599
   E-mail:  kevin.mccurdy@mccurdylawyers.com
5          christina.lavanier@mccurdylawyers.com

6  Attorneys for Defendant
   AIU INSURANCE COMPANY

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   COUNTY OF SAN FRANCISCO

11  BANK OF AMERICA N.A.,                CASE NO. CGC-07-465507

12              Plaintiff,               **DEFENDANT AIU INSURANCE
                                         COMPANY'S ANSWER TO
13       v.                              COMPLAINT**

14  AIU INSURANCE COMPANY, AIG
    TECHNICAL SERVICES, INC., and DOES 1 –
15  50,

16              Defendants.

17

18        Pursuant to California Code of Civil Procedure § 431.30, defendant AIU Insurance

19  Company ("AIU") denies, generally and specifically, each and every allegation contained in

20  plaintiff's complaint and further denies that plaintiff has sustained, or will sustain, damages in

21  sums alleged, or at all, or that plaintiff is entitled to any of the relief sought in the complaint

22  against AIU.

23                        **AFFIRMATIVE DEFENSES**

24                     **FIRST AFFIRMATIVE DEFENSE**

25        Plaintiff's complaint, and each cause of action therein, fail to state facts sufficient to

26  constitute a cause of action against AIU.

27                   **SECOND AFFIRMATIVE DEFENSE**

28        Plaintiff's claims are barred under the alleged AIU policy and/or California Insurance Code

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

24496                              - 1 -

§ 533, to the extent plaintiff seeks coverage for injury, damage or liability which was willful, expected or intended.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent plaintiff failed to mitigate, minimize or avoid whatever damages plaintiff allegedly sustained, and any recovery must, therefore, be reduced by the amount by which the damage plaintiff incurred is a result of that failure.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339, 340 and 343.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms, definitions, exclusions, conditions, limits of liability and other provisions contained in the alleged AIU policy.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the sole and proximate cause of the incidents complained of in plaintiff's complaint was due to the acts and/or omissions of persons and entities other than AIU.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the underlying action for which coverage is sought did not arise from an "occurrence" as defined in the alleged AIU policy.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the underlying action did not involve claims of bodily injury during the policy period of the alleged AIU policy.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent plaintiff seeks coverage for

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

24496

- 2 -

**Defendant AIU Insurance Company's Answer to Complaint**

1  sums plaintiff is not obligated to pay by reason of liability imposed by law or sums that were

2  voluntarily incurred.

### ELEVENTH AFFIRMATIVE DEFENSE

4  Plaintiff's claims are barred, in whole or in part, to the extent that no actual, justiciable case

5  or controversy exists between plaintiff and AIU, and/or to the extent that any dispute between

6  plaintiff and AIU is not ripe for adjudication.

### TWELFTH AFFIRMATIVE DEFENSE

8  Plaintiff's claims are barred, in whole or in part, to the extent plaintiff seeks recovery of

9  punitive or exemplary damages as such damages violate AIU's rights to due process under the

10  Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the

11  State of California.

### THIRTEENTH AFFIRMATIVE DEFENSE

13  Plaintiff's claims are barred, in whole or in part, to the extent plaintiff does not qualify as

14  an insured under the alleged AIU policy with respect to the underlying action.

### FOURTEENTH AFFIRMATIVE DEFENSE

16  Plaintiff's claims are barred, in whole or in part, to the extent the AIU policy is excess of

17  underlying insurance, self-insured retentions and/or deductibles and is further subject to per event,

18  accident or occurrence limits of liability.  To the extent that the full limits or amounts of

19  underlying insurance, self-insured retentions and/or deductibles, if any, have not been exhausted,

20  the alleged AIU policy may not be required to respond to the underlying claim.

### FIFTEENTH AFFIRMATIVE DEFENSE

22  Plaintiff's claims are barred, in whole or in part, to the extent that timely and/or sufficient

23  notice of said claims was not provided in the manner prescribed by the alleged AIU policy and/or

24  as required by law.

### SIXTEENTH AFFIRMATIVE DEFENSE

26  Plaintiff's claims are barred, in whole or in part, to the extent plaintiff failed to assist and/or

27  cooperate with AIU as required by the alleged AIU policy or as implied by law.

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2      To the extent that coverage may be found to exist under the alleged AIU policy, AIU may

3  be entitled to contribution, set-off, indemnification, apportionment, or other relief from plaintiff

4  and/or from any other insurer.

5

## EIGHTEENTH AFFIRMATIVE DEFENSE

6      Plaintiff's claims are barred, in whole or in part, to the extent that unreasonable and/or

7  unnecessary costs were expended to settle said claim.

8

## NINETEENTH AFFIRMATIVE DEFENSE

9      Plaintiff's claims are barred, in whole or in part, to the extent AIU's insured has impaired

10  AIU's rights of subrogation or contribution.

11

## TWENTIETH AFFIRMATIVE DEFENSE

12      Plaintiff's claims are be barred, in whole or in part, to the extent that the insured failed to

13  fully satisfy all policy conditions under the alleged AIU policy, including, but not limited to,

14  voluntary payment, consent and no action provisions.

15

## TWENTY-FIRST AFFIRMATIVE DEFENSE

16      AIU reserves the right to assert additional affirmative defenses that may be appropriate as

17  may be determined by further information, including, but not limited to, that obtained through

18  discovery.

19      WHEREFORE, AIU prays for judgment as follows:

20      1. That plaintiff take nothing by its complaint;

21      2. For costs of suit incurred herein; and

22      3. For such other and further relief as the Court deems proper.

23

24  DATED: September 6, 2007                    MCCURDY & FULLER LLP

25

26                              By:   _Kevin G. McCurdy_

27                                    KEVIN G. MCCURDY
                                      Attorneys for Defendant
28                                    AIU INSURANCE COMPANY

24496                                    - 4 -

**Defendant AIU Insurance Company's Answer to Complaint**

**PROOF OF SERVICE**
*Bank of America N.A. v. AIU Insurance Company, AIG Technical Services, Inc., and Does 1-50*
**Superior Court of California, County of San Francisco**
**CGC-07-465507**

I am a citizen of the United States. My business address is 4300 Bohannon Drive, Suite 240, Menlo Park, California 94025. I am employed in the county of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANT AIG DOMESTIC CLAIMS, INC.'S ANSWER TO COMPLAINT**

**DEFENDANT AIU INSURANCE COMPANY'S ANSWER TO COMPLAINT**

Addressed to the following recipients:

Franklin Dean Thomas, Esq.
Hines & Thomas
Russ Building, Suite 835
235 Montgomery Street
San Francisco, CA 94104
Phone (415) 981-2623
**(Attorneys for *Plaintiff*)**

_____ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

__X__ (BY MAIL) I caused such envelope(s) with postage paid thereon fully prepaid to be placed in the United States mail at Menlo Park, California.

_____ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

__X__ (State) I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 6, 2007, at Menlo Park, California.

Lena S. Nielsen

*McCURDY & FULLER LLP*
*4300 Bohannon Drive, Suite 240*
*Menlo Park, CA 94025*
*(650) 618-3500*

24611

# EXHIBIT 2

KEVIN G. McCURDY (SBN 115083)
CHRISTINA M. LAVANIER (SBN 233335)
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, California 94025
Telephone:  (650) 618-3500
Facsimile:  (650) 618-3599
E-mail:   kevin.mccurdy@mccurdylawyers.com
          christina.lavanier@mccurdylawyers.com
Attorneys for Defendants
AIU INSURANCE COMPANY and AIG DOMESTIC CLAIMS, INC.,
successor in interest to AIG Technical Services, Inc.

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN FRANCISCO

| | |
|---|---|
| BANK OF AMERICA N.A.,<br><br>          Plaintiff,<br><br>     v.<br><br>AIU INSURANCE COMPANY, AIG TECHNICAL SERVICES, INC., and DOES 1 through 50,<br><br>          Defendants. | CASE NO. CGC-07-465507<br><br>**DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE ENTITLED COURT AND TO PLAINTIFF**

**AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, defendants AIU

Insurance Company and AIG Domestic Claims, Inc., as successor in interest to AIG Technical

Services, Inc., did, on September 7, 2007, file a Notice of Removal in the United States District

Court for the Northern District of California, San Francisco Division, a copy of which is attached

hereto, and that said matter shall proceed hereafter in the United States District Court for the

Northern District of California, San Francisco Division.

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

**DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL**

1  Dated: September 7, 2007          McCURDY & FULLER LLP

2

3                                    By _Kev G. McCurdy_____

4                                       KEVIN G. McCURDY
                                         Attorneys for Defendants
5                                        AIU INSURANCE COMPANY and
                                         AIG DOMESTIC CLAIMS, INC., successor
                                         in interest to AIG Technical Services, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

- 2 -

**DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL**

**PROOF OF SERVICE**

*Bank of America N.A. v. AIU Insurance Company, AIG Technical Services, Inc., and Does 1-50*
**Superior Court of California, County of San Francisco**
**CGC-07-465507**

I am a citizen of the United States. My business address is 4300 Bohannon Drive, Suite 240, Menlo Park, California 94025. I am employed in the county of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL**

Addressed to the following recipients:

Franklin Dean Thomas, Esq.
Hines & Thomas
Russ Building, Suite 835
235 Montgomery Street
San Francisco, CA 94104
Phone (415) 981-2623
**(Attorneys for *Plaintiff*)**

_____ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

__X__ (BY MAIL) I caused such envelope(s) with postage paid thereon fully prepaid to be placed in the United States mail at Menlo Park, California.

_____ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

__X__ (State) I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 7, 2007, at Menlo Park, California

Lena S. Nielsen

24611

- 1 -

**PROOF OF SERVICE**

**PROOF OF SERVICE**

*Bank of America N.A. v. AIU Insurance Company, AIG Technical Services, Inc., and Does 1-50*
**United States District Court for the Northern District of California**
**Case No. TBA**

I am a citizen of the United States. My business address is 4300 Bohannon Drive, Suite 240, Menlo Park, California 94025. I am employed in the county of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 144(B) [DIVERSITY JURISDICTION]**

Addressed to the following recipients:

Franklin Dean Thomas, Esq.
Hines & Thomas
Russ Building, Suite 835
235 Montgomery Street
San Francisco, CA 94104
Phone (415) 981-2623
**(Attorneys for *Plaintiff*)**

_____ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

__X__ (BY MAIL) I caused such envelope(s) with postage paid thereon fully prepaid to be placed in the United States mail at Menlo Park, California.

_____ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

__X__ (Federal) I declare under the penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 7, 2007, at Menlo Park, California

Lena S. Nielsen

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

24636

- 1 -

**PROOF OF SERVICE**