JEFFREY KAUFMAN (SBN 48095)
KAUFMAN & LOGAN LLP
100 Spear Street, 12th Floor
San Francisco, CA 94105
Telephone: (415) 247-8300
Facsimile: (415) 247-8310

FRANKLIN DEAN THOMAS, ESQ. (SBN 67796)
HINES & THOMAS
Russ Building, Suite 835
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 981-2623
Facsimile: (415) 981-4004

Attorneys for Plaintiff
Bank of America N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA N.A., | No. C 07-04638 JSW |
| Plaintiff, | JOINT CASE MANAGEMENT CONFERENCE STATEMENT |
| vs. | Date: December 14, 2007 |
| AIU INSURANCE COMPANY, AIG TECHNICAL SERVICES, INC. and DOES 1 through 50, inclusive, | Time: 1:30 p.m. |
| Defendants. | Department: 2 |

The parties to the above-entitled action jointly submit this Case Management Statement.

1. Jurisdiction and Service

AIU Insurance Co. ("AIU") and AIG Domestic Claims, Inc. ("AIGDC"), as successor in interest to AIG Technical Services, Inc. ("AIG Tech") have answered Bank of America, N.A.'s ("Bank") complaint. The parties are discussing a possible stipulation that would result in the dismissal without prejudice of AIG Tech. This action was originally filed in San Francisco County Superior Court and AIU removed it to this court. Jurisdiction is based upon diversity citizenship.

2. Facts

This is an action for breach of insurance contract, breach of the covenant of good faith and fair dealing and misrepresentation relating to an underlying action entitled *Emilia Gonzalez, et al. v. Bank of America and American Protective Services*, San Diego Superior Court Case No. 725537 ("Underlying Case"). In the underlying action, Emelia Gonzalez sued on behalf of herself and the three minor children of her brother Gilberto Sandoval. The underlying complaint alleged the wrongful death of Mr. Sandoval, who was robbed, shot and killed on a public sidewalk outside a Bank of America branch in San Diego on November 5, 1997.

At the time of the shooting, Bank had a written contract with American Protective Services ("APS") to provide a security guard whose duties included patrolling the sidewalk where the incident took place. Bank was named as an additional insured under a primary commercial general liability insurance policy issued to APS by Steadfast Insurance Company ("Steadfast"). The Steadfast policy contains a $500,000 per occurrence limit and defense costs are included within this limit. Bank alleges it was also an additional insured under AIU policy no. BE9325347 issued to APS. The AIU policy provides $3,000,000 coverage in excess of the primary Steadfast policy.

The Underlying Case was settled in 2003 for $350,000, at which time Steadfast agreed to contribute $62,000.00 towards the settlement. At the time of that settlement, Steadfast's payment of

prior defense costs and a portion of the settlement expended $145,989.09 of its policy limit of $500,000.

The Bank sued Steadfast for breach of insurance contract and insurance bad faith. Steadfast settled Bank's claims against it as to the <u>Underlying Case</u> for $354,010.91, which Steadfast represented as achieving the exhaustion of its $500,000.00 policy limit.

On October 31, 2003, Bank notified AIU that the Steadfast policy was exhausted and requested AIU pay the Bank's unreimbursed settlement expense in the Underlying Case. AIU denied the tender, alleging, in part, that Bank did not seek or obtain AIU's consent to settle the case and, therefore, Bank's settlement payment was a voluntary payment. AIU further alleges all Bank's defense costs were incurred prior to tender to AIU.

3. <u>Legal Issues</u>

The principal legal issue is whether AIU breached its insurance policy and acted in bad faith by failing to reimburse Bank for defense and indemnity expenses incurred in the Underlying Case in excess of the primary policy limits.

4. <u>Motions</u>

The parties have not yet exchanged initial disclosures or conducted discovery. Motions for summary judgment regarding the coverage issues may be appropriate after discovery responses have been provided. However, AIU reserves the right to bring a summary judgment motion on coverage issues prior to completion of discovery. If the parties cannot agree to a stipulation regarding AIG Tech, AIGDC will move for summary judgment on the ground that Bank cannot assert a claim against AIGDC as agent for AIU.

5. <u>Amendment of Pleading</u>

The parties do not anticipate amendment of the pleadings at this time.

6. <u>Evidence Preservation</u>

Counsel will confer with clients to ensure evidence relevant to the issues in this action is preserved.

7.   Disclosures

The parties will serve their initial disclosures by December 28, 2007 and will confer upon a date to produce responsive documents.

8.   Discovery

Discovery will be needed on the following subjects:

- The denials and defenses raised in AIU's Answer
- Complete copies of AIU's insurance policy issued to APS and the corresponding underwriting file
- AIU's claim files for the Underlying Case
- AIU's response to notice of the Underlying Case
- Complete copies of Steadfast's primary policy issued to APS and the corresponding underwriting file
- Steadfast's claim file for the Underlying Case
- Communications between APS and/or its attorneys, on the one hand, and its insurers, on the other hand, regarding the Underlying Case
- Communications between Steadfast and/or its attorneys, on the one hand, and AIU, on the other hand, regarding the Underlying Case
- Communications between AON and AIU regarding the Underlying Case
- Communications between Marsh & McLennan Companies and AIU regarding the Underlying Case
- The attorneys' fees incurred and paid by Bank for the Underlying Case, which have not been reimbursed by Steadfast

- The unreimbursed portion of the settlement paid by Bank to settle the Underlying Case
- Non-privileged portions of Bank's defense files for the Underlying Case
- Communications between Steadfast and Bank regarding the Underlying Case

AIU and Bank have agreed to begin third party discovery prior to the initial case management conference. At this time, the parties do not propose any other changes to the limits on discovery set forth in the Federal Rules of Civil Procedure.

9.  Class Actions

N/A

10. Related Cases

N/A

11. Relief

Bank seeks payment from AIU of $395,090.31, plus interest. This is the amount of defense and indemnity incurred by Bank for the Underlying Case which was not reimbursed by Steadfast. Bank also seeks punitive damages for AIU's bad faith conduct according to proof at trial and attorneys fees and costs incurred in prosecuting this action (*Brandt* fees).

12. Settlement and ADR

The parties agree to participate in court sponsored mediation after production of initial disclosure documents and documents from third parties.

13. Consent to Magistrate Judge for All Purposes

AIU did not consent to a Magistrate Judge.

14. Other References

N/A

15. Narrowing of Issues

The parties do not have a proposal for narrowing of issues or presentation of evidence at trial at this time, but will revisit these issues after completion of discovery.

16. <u>Expedited Schedule</u>

N/A

17. <u>Scheduling</u>

The parties propose a trial date in February 2009.

18. <u>Trial</u>

Bank requests a jury trial and anticipates the trial will be 4-5 days.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

Other than the parties to this action, and the entities identified in AIU's Certification of Interested Entities, neither party is aware of other entities or persons having a financial or other interest in this matter.

Date: 12-5-07

Paulette Donsavage
Counsel for Bank of America

Date: 12-4-07

Kevin McCurdy
Counsel for AIU Insurance Company and
AIG Domestic Claims, Inc., as successor
to AIG Technical Services, Inc.

G:\Clients\1526\007\Pldgs\joint status conference stmt rev REV 3.DOC

## CERTIFICATE OF SERVICE

I, Damyta Jones, declare:

I am over the age of eighteen (18) years, am not a party to this action, and am employed in the County of San Francisco at 100 Spear Street, 12th Floor, San Francisco, CA 94105.

On December 6, 2007, following ordinary business practices, I caused service of the following documents:

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

and this proof of service to be completed by:

_____ Hand delivery to:

_____ Regular U.S. Mail. I am readily familiar with Kaufman & Logan's practice for collection and processing of correspondence for mailing with the United States Postal Service and, in the ordinary course of business, the correspondence was deposited with the United States Postal Service on the day on which it is collected at Kaufman & Logan and that the envelope was sealed and deposited in the mail with the postage thereon fully prepaid addressed to the following party[ies]:

_____ By Express Mail, Federal Express or other overnight delivery service by depositing the documents in accordance with CCP § 1013:

__X__ By E-Mail with original to follow by U.S. Mail, Federal Express, Express Mail, or other overnight courier as applicable:

| | |
|---|---|
| Kevin G. McCurdy, Esq.<br>Christina Marie Lavanier<br>**McCurdy & Fuller LLP**<br>4300 Bohannon Drive, Suite 240<br>Menlo Park, CA 94025<br>650-618-3500<br>650-618-3599 FAX<br>kevin.mccurdy@mccurdylawyers.com<br>christina.lavanier@mccurdylawyers.com | Franklin Dean Thomas, Esq.<br>**Hines & Thomas**<br>Russ Building, Suite 835<br>235 Montgomery Street<br>San Francisco, CA 94104<br>(415) 981-2623<br>(415) 981-4904 FAX<br>fdt@hinesthomas.com |

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

DATED: December 6, 2007

_____
Damyta Jones